UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

SALVADOR BUSTOS-CASTANEDA, a/k/a
Salvador Bustos-Cataneda,
    *Defendant-Appellant.*

No. 00-4867

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-201)

Submitted: May 8, 2001

Decided: May 23, 2001

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Arnold L. Husser,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Salvador Bustos-Castaneda appeals his eighty-month sentence imposed pursuant to his guilty plea to reentering the United Sates after deportation for commission of an aggravated felony, in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). In 1995, Bustos-Castaneda was convicted of possession with intent to deliver marijuana and cocaine, an aggravated felony. On March 5, 1997, Bustos-Castaneda was deported. Bustos-Castaneda never received permission from the United States Attorney General to reenter the country, but on June 21, 2000, he was found in Winston-Salem, Forsyth County, North Carolina.

In accordance with the *U.S. Sentencing Guidelines*, the district court sentenced Bustos-Castaneda to eighty months incarceration, three years of supervised release, and a $100 special assessment. The district court declined to grant a downward departure based on his cultural assimilation to the United States.

Bustos-Castaneda's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether the district court erred by declining to grant a downward departure based on Bustos-Castaneda's cultural assimilation in the United States. Since the district court acknowledged its authority to grant a downward departure, but found the facts and circumstances of Bustos-Castaneda's case did not warrant departure from the recommended guideline range, he cannot challenge the district court's decision. *United States v. Burgos*, 94 F.3d 849, 876 (4th Cir. 1996); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

Finally, Bustos-Castaneda filed a pro se supplemental brief challenging his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Jones v. United States*, 526 U.S. 227, 243 n.6, 251-52

(1999). The Supreme Court considered and rejected a challenge to a sentence under 8 U.S.C.A. § 1326(b)(2), the provision applied to Bustos-Castaneda, in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The Court declined to overrule *Almendarez-Torres* in *Apprendi*. Accordingly, we reject this claim.

In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. We therefore affirm Bustos-Castaneda's conviction and sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

*AFFIRMED*